IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICKEY J. CARMAN and
DACHELLE CARMAN,
husband and wife,

    Plaintiffs,

v.                                  Civil Action No. 5:08CV178
                                              (STAMP)

BAYER CORPORATION,
an Indiana corporation,
BAYER MATERIAL SCIENCE, LLC,
a Delaware corporation,
DAVID JOHNSTON, individually,
JOHN COOL, individually,
TERRY EDDY, individually,
CHARLES "BUDDY" KOTSON,
individually and
JOHN LONG, individually,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND,
DENYING AS MOOT DEFENDANTS' MOTION
TO DISMISS OR STRIKE COMPLAINT AND
DENYING AS MOOT JOINT MOTION FOR
STATUS/SCHEDULING CONFERENCE**

I.  Background

The above-styled civil action is before this Court as a result of a notice of removal filed by defendants Bayer Corporation ("Bayer") and Bayer Material Science, LLC ("Bayer Material"), in which the defendants assert that federal jurisdiction is founded upon 28 U.S.C. §§ 1332, 1441 and 1446.[1] The plaintiffs brought

---

[1]Defendants David Johnston, John Cool, Terry Eddy, Charles "Buddy" Kotson, and John Long ("management supervisors") filed a consent to removal.

suit in the Circuit Court of Marshall County, West Virginia, alleging that Mr. Carman was exposed to a dangerous chemical while working as a technician at a plant owned and operated by Bayer and Bayer Material. Mr. Carman claims that as a result of this exposure he developed several psychological and medical problems. He asserts claims for negligence, deliberate intent, and punitive damages.[2]

Prior to this case, the plaintiffs brought an identical action involving the same parties and issues ("Carman I"). See Civil Action No. 5:08-cv-148. The defendants removed Carman I to this Court based on diversity of citizenship, and the plaintiffs filed a motion to remand.[3] While the Carman I motion to remand was pending, however, the plaintiffs brought the current case ("Carman II") in the Circuit Court of Marshall County, West Virginia. Again, the defendants removed the case to this Court based on diversity of citizenship. The defendants then filed a motion to dismiss or strike complaint to which the plaintiffs responded and the defendants replied. The plaintiffs also filed a motion to remand, which is fully-briefed and ready for disposition by this

---

[2]Mrs. Carman joins in the suit alleging a loss of her husband's consortium.

[3]In their motion to remand, the plaintiffs argued that 28 U.S.C. § 1441(b), the forum defendant rule, precluded removal to this Court. This Court denied the motion to remand in Carman I. Specifically, this Court held that because the forum defendants were not joined and served prior to removal, as required by the statute, the forum defendant rule was inapplicable.

Court.  For the reasons set forth below, the plaintiffs' motion to remand should be granted and the defendants' motion to dismiss or strike complaint should be denied.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).  The party seeking removal bears the burden of establishing federal jurisdiction.  See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).  Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand.  Id.

## III. Discussion

A. Motion to Remand

The parties dispute whether the requirements of diversity jurisdiction under 28 U.S.C. § 1332(a) are satisfied in this case. It is undisputed that the plaintiffs are citizens of Ohio, while defendant Bayer is an Indiana corporation with its principal place of business in Pennsylvania, and defendant Bayer Material is a

Delaware limited liability company. The management supervisors David Johnston, John Cool, Terry Eddy, Charles "Buddy" Kotson, and John Long are all citizens of West Virginia, supporting complete diversity. Neither party has argued that the matter in controversy is less than the statutory amount in controversy.

Removal jurisdiction, however, is subject to certain restrictions. If federal jurisdiction arises only by virtue of the parties' diverse citizenship, an action "shall be removable only if none of the parties in interest properly <u>joined and served</u> as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Commonly referred to as the forum defendant rule, this rule limits jurisdiction based on diversity of citizenship by requiring that defendants who have been joined and served cannot reside in the forum state. <u>See</u> <u>id.</u> This rule only applies when a local defendant is named and served before the action is removed to federal court. <u>See</u> <u>Vitatoe v. Mylan Pharm., Inc.</u>, 2008 WL 3540462 at *5 (N.D. W. Va. Aug. 13, 2008) (If a forum defendant is joined and served after the action is already removed to federal court, removal jurisdiction is not affected).

In this civil action, the defendants did not properly remove this case to federal court. Generally, a defendant's right to remove a case is determined at the time the removal notice is filed. <u>Vera v. Saks & Co.</u>, 335 F.3d 109, 116 n.2 (2d Cir. 2003)

4

(citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)). At the time the removal notice was filed defendants Bayer, Bayer Material, and the management supervisors had all been joined and served. Therefore, because the individual management supervisors are citizens of West Virginia, the forum state, the forum defendant rule precludes removal to this Court. See 28 U.S.C. § 1441(b).

Nor is this Court persuaded by the defendants' argument that the management supervisors were fraudulently joined to defeat federal diversity jurisdiction. Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity necessary for removing a state action to federal court. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). As an exception to the forum defendant rule, this doctrine applies when a non-diverse party is fraudulently named in an action "so that no possible cause of action has been stated against that party." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). For the fraudulent joinder doctrine to apply "the removing party must demonstrate either 'outright fraud in plaintiffs pleading of jurisdictional facts' or that 'there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). In order to prevail, the defendants must show

that the plaintiffs cannot establish a claim against the nondiverse defendant even after resolving all issues of material fact and law in the plaintiffs' favor.  <u>Marshall</u>, 6 F.3d at 132-133.  A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted.  <u>Id.</u>

Here, the defendants have not alleged outright fraud and they have not demonstrated that there is no possibility that the plaintiffs can recover against the management supervisors, the forum defendants.  Accordingly, for these reasons, the defendants' fraudulent joinder argument must fail, and the plaintiffs' motion to remand is granted.

B.    <u>Attorney's Fees and Costs</u>

The plaintiffs ask that this Court award the attorney's fees and costs associated with pursuing this motion to remand.  With respect to the award of attorney's fees and costs, the Fourth Circuit has found that 28 U.S.C. 1447(c) "provides the district court with discretion to award fees when remanding a case" where it finds appropriate.  <u>In re Lowe</u>, 102 F.3d 731, 733 n.2 (4th Cir. 1996).  This Court finds that such fees and costs are inappropriate in this matter because the defendants asserted at least a colorable claim to removal jurisdiction.  This Court, in its discretion, declines to award the plaintiffs any fees or expenses incurred in connection with this motion.  Accordingly, this Court denies the plaintiffs' request for an award of attorney's fees and costs.

C. <u>Motion to Dismiss or Strike Complaint</u>

Lacking subject matter jurisdiction, this Court does not reach the defendants' arguments in support of a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted. Accordingly, the defendants' motion to dismiss or strike complaint is denied as moot.

## IV. <u>Conclusion</u>

For the reasons stated above, the plaintiffs' motion to remand is hereby GRANTED, and the defendants' motion to dismiss or strike complaint is hereby DENIED AS MOOT WITHOUT PREJUDICE to that motion being considered in the state court action, if it is appropriate.[4] Accordingly, it is ORDERED that this case be remanded to the Circuit Court of Marshall County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

---

[4] In light of these holdings, this Court also DENIES AS MOOT the parties' recently-filed joint motion for status/scheduling conference.

DATED:     June 30, 2009

                                              <u>/s/ Frederick P. Stamp, Jr.</u>
                                              FREDERICK P. STAMP, JR.
                                              UNITED STATES DISTRICT JUDGE